UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Charles Edward Artis, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Case: 1:17-cv-00405** (F-Deck) |
| v. | ) | **Assigned To : Unassigned** |
| | ) | **Assign. Date : 3/10/2017** |
| Harris Teeter, Inc. *et al.*, | ) | **Description: Pro Se Gen. Civil** |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a District of Columbia resident, sues his former employer and the District of Columbia Department of Employment Services ("DOES") for unemployment benefits beyond the two month payments he allegedly received. The complaint presents no basis for federal court jurisdiction. Plaintiff's recourse lies, if at all, in the D.C. Court of Appeals. *See* D.C. Code § 51-112 ("Any person aggrieved by the decision of the Director [of DOES] may seek review of such

1

3

decision in the District of Columbia Court of Appeals in accordance with the District of Columbia Administrative Procedure Act."). A separate order of dismissal accompanies this Memorandum Opinion.

DATE: March 7ᵗʰ, 2017

_____
United States District Judge